# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

**McKAYLA JONES, and**
**JERMEAL MORRIS, on behalf of**
**Minors D.J. and D.M.,**

    Plaintiffs,

v.   No. 2:25-cv-02502-TLP-atc

**SHELBY COUNTY BOARD**
**OF EDUCATION, d/b/a**
**MEMPHIS SHELBY COUNTY**
**SCHOOLS;**

**TRAVIS McGLOTHIAN, in his**
**official capacity as Principal**
**of Georgian Hills Middle**
**School, and individually; et al.**

    Defendants.

---

## ANSWER OF TRAVIS McGLOTHIAN

---

COMES NOW, Defendant, Travis McGlothian, through the undersigned counsel, to file his Answer to the Complaint in his official capacity as Principal of Georgian Hills Middle School and in his individual capacity. Mr. McGlothian responds below to the claims asserted against him. Mr. McGlothian states as follows:

### NATURE OF ACTION

1. Defendant McGlothian is not required to respond to this paragraph as no allegation was made by Plaintiffs.

2. Defendant McGlothian admits that Plaintiffs purport to raise claims arising under civil rights and tort laws in their Complaint. Defendant denies any other allegations in paragraph 2.

3. Denied.

4. Denied.

## JURISDICTION AND VENUE

5. Defendant McGlothian incorporates his responses to paragraphs 1-4 as if stated herein.

6. Admitted.

7. Defendant McGlothian denies that this Court has supplemental jurisdiction under **any** claim brought under Tennessee law pursuant to 28 U.S.C. §1367. However, Defendant admits that supplemental jurisdiction is proper to the extent that Plaintiffs allege that their claims arise from the same facts and circumstances as all other claims in this action.

8. Denied. Defendant avers that the prevailing party is entitled to attorney's fees and costs as it relates to civil rights claims only pursuant to 42 U.S.C. §1988.

9. Admitted.

10. Admitted.

## PARTIES

11. Defendant McGlothian incorporates his responses to paragraphs 1-10 as if stated herein.

12. Defendant McGlothian is without information to admit or deny the allegations in paragraph 12.

13. Defendant McGlothian is without information to admit or deny the allegations in paragraph 13.

14. Defendant McGlothian is without information to admit or deny the allegations in paragraph 14.

15. Defendant McGlothian is without information to admit or deny the allegations in paragraph 15.

16. Defendant McGlothian is without information to admit or deny the allegations in paragraph 16.

17. Defendant McGlothian is without information to admit or deny the allegations in paragraph 17.

18. Defendant McGlothian is without information to admit or deny the allegations in paragraph 18.

19. Defendant McGlothian is without information to admit or deny the allegations in paragraph 19 and therefore denies them.

20. Defendant McGlothian objects to the undefined terms in paragraph 20.

21. Defendant McGlothian is without information to admit or deny the allegations in paragraph 21.

22. Defendant McGlothian is without information to admit or deny the allegations in paragraph 22.

23. Defendant McGlothian admits that he resides at the address stated in paragraph 23. He further admits that he served as Principal of GHMS. The other statements in paragraph 23 call for a legal conclusion to which a response is not required.

24. Defendant McGlothian is without information to admit or deny the allegations in paragraph 24.

25. Defendant McGlothian is without information to admit or deny the allegations in paragraph 25.

26. Defendant McGlothian is without information to admit or deny the allegations in paragraph 26.

27. Paragraph 27 calls for a legal conclusion to which no response is required.

## FACTS

28. Defendant McGlothian incorporates his responses to paragraphs 1-27 as if stated herein.

29. Defendant McGlothian is without information to admit or deny the allegations in paragraph 29.

30. Defendant McGlothian is without information to admit or deny the allegations in paragraph 30.

31. Denied.

32. Defendant McGlothian is without information to admit or deny the allegations in paragraph 32.

33. Denied.

34. Denied.

35. Admitted upon information and belief.

36. Defendant McGlothian is without information to admit or deny the allegations in paragraph 36.

37. Defendant McGlothian is without information to admit or deny the allegations in paragraph 37.

38. Defendant McGlothian is without information to admit or deny the allegations in paragraph 38.

39. Defendant McGlothian is without information to admit or deny the allegations in paragraph 39.

40. Defendant McGlothian is without information to admit or deny the allegations in paragraph 40.

41. Denied.

42. Denied as stated. Defendant McGlothian admits that he agreed that the matter should be handled by law enforcement.

43. Defendant McGlothian is without information to admit or deny the allegations in paragraph 43.

44. Defendant McGlothian is without information to admit or deny the allegations in paragraph 44.

45. Defendant McGlothian is without information to admit or deny the allegations in paragraph 45.

46. Defendant McGlothian admits that he contacted Plaintiff Morris and informed him of the arrest of Ms. Jones and Minor D.J.

47. Defendant McGlothian is without information to admit or deny the allegations in paragraph 47.

48. Defendant McGlothian is without information to admit or deny the allegations in paragraph 48.

49. Defendant McGlothian is without information to admit or deny the allegations in paragraph 49.

50. Defendant McGlothian is without information to admit or deny the allegations in paragraph 50.

## WAIVER OF IMMUNITY

51. Defendant McGlothian incorporates his responses to paragraphs 1-50 as if stated herein.

52. Paragraph 52 calls for a legal conclusion to which no response is required.

53. Paragraph 53 calls for a legal conclusion to which no response is required.

54. Paragraph 54 calls for a legal conclusion to which no response is required.

## COUNT I

### Violation of 42 U.S.C. 1983 – Unlawful Seizure and Excessive Force

### (Against Defendants McGlothian and Johnson in their individual capacities)

55. Defendant McGlothian incorporates his responses to paragraphs 1-54 as if stated herein.

56. Defendant McGlothian is without information to admit or deny the allegations in paragraph 56.

57. Defendant McGlothian is not required to admit or deny the legal conclusion stated in paragraph 57.

58. Defendant McGlothian is without information to admit or deny the allegations in paragraph 58.

59. Denied.

60. Denied.

61. Denied.

62. Defendant McGlothian denies that Plaintiffs are entitled to the relief they seek.

## COUNT TWO

### Violation of 42 U.S.C. 1983 – Monell Claim: Failure to Train and Supervise

### (Against SCSO and Principal McGlothian in his official capacities)

63. Defendant McGlothian incorporates his responses to paragraphs 1-62 as if stated herein.

64. Denied.  Defendant McGlothian denies Plaintiffs' allegations that he had any duty or responsibility to train or supervise Defendant Johnson.  He further denies that he had any duty or responsibility to train unnamed subordinates.  He further denies that he failed to properly supervise unnamed subordinates.

65. Defendant McGlothian is not required to admit or deny the legal conclusion stated in paragraph 65.

66. Defendant McGlothian is without information to admit or deny the allegations in paragraph 66.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Defendant McGlothian denies that Plaintiffs are entitled to the relief they seek.

## COUNT THREE

**Violation of 42 U.S.C. 1983 – Monell Claim: Negligent Hiring and Retention**

**(Against Shelby County Sheriff's Office and Memphis-Shelby County Schools)**

Defendant McGlothian is not required to respond to paragraphs 73 – 80 of Count Three because these claims have not been asserted against him.

## COUNT FOUR

**Tennessee Governmental Tort Liability Act – Negligence**

**(Tenn. Code Ann. 29-20-101 et seq.)**

Defendant McGlothian is not required to respond to paragraphs 81-88 of Count Four because these claims have not been asserted against him.

## COUNT FIVE

### Negligence, Gross Negligence, and Reckless Disregard

89. Defendant McGlothian incorporates his responses to paragraphs 1-72 as if stated herein.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## COUNT SIX

### Negligent Infliction of Emotional Distress (NIED)

94. Defendant McGlothian incorporates his responses to paragraphs 1-72; 89-93 as if stated herein.

95. Denied.

96. Denied.

97. Denied.

## COUNT SEVEN

### Intentional Infliction of Emotional Distress (IIED)

**(Against Defendants Johnson and McGlothian, individually and in their official capacities)**

98. Defendant McGlothian incorporates his responses to paragraphs 1-72; 89-97 as if stated herein.

99. Denied.

100. Denied.

101. Denied.

102. Defendant McGlothian denies that Plaintiffs are entitled to the relief they seek.

## FALSE IMPRISONMENT

### False Imprisonment (Against Defendants Johnson and McGlothian, individually)

103. Defendant McGlothian incorporates his responses to paragraphs 1-72; 89-102 as if stated herein.

104. Paragraph 104 calls for a legal conclusion to which no response is required.

105. Defendant McGlothian is without knowledge of the nature of Ms. Jones' contact with Defendant Johnson. Any other statements in paragraph 105 calls for a legal conclusion to which no response is required.

106. Denied.

107. Denied.

108. Defendant McGlothian denies that Plaintiffs are entitled to the relief they seek.

## COUNT NINE

### Assault and Battery (Against Defendant SRO Johnson)

Defendant McGlothian is not required to respond to paragraphs 109-114 of Count Nine because these claims have not been asserted against him.

## DAMAGES

115. Defendant McGlothian incorporates his responses to paragraphs 1-72; 89-108 as if stated herein.

116. Denied.

117. Denied.

## PRAYER FOR RELIEF

Defendant McGlothian denies that Plaintiffs are entitled to any damages or relief they seek in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims against Defendant McGlothian upon which relief can be granted.

2. Defendant McGlothian asserts that the doctrines of absolute immunity and/or qualified immunity apply to Plaintiffs' civil rights claims and thus protects Defendant McGlothian from liability and damages in this matter.

3. Defendant McGlothian asserts that he is not the policymaker or decision maker in regard to Plaintiffs' civil rights claims.

4. Defendant McGlothian asserts that the limited allegations in the Complaint about Defendant McGlothian pertain to his official actions as Principal of GHMS, and not to individual actions in his personal capacity. All claims and allegations against Defendant McGlothian individually are due to be dismissed under Tenn. Code Ann. §29-20-113, and failure to dismiss Defendant McGlothian in his individual capacity within 45 days of this Answer will result in Defendant McGlothian filing a motion to recover reasonable attorney fees and costs.

5. Defendant McGlothian affirmatively asserts, under the doctrine of comparative fault, that if the proof shows that Plaintiffs McKayla Jones and D.J. failed to exercise ordinary care and were at least fifty percent (50%) at fault, Plaintiffs are barred from recovery. In the event that Plaintiffs are found less than fifty percent (50%) at fault, any recovery by the Plaintiffs must be reduced by the percentage of fault attributed to Plaintiffs McKayla Jones and D.J.

6. Plaintiffs' claims are barred in whole, or in part, by Plaintiffs' failure to mitigate their alleged damages.

7. Plaintiffs' claims are barred in whole, or in part, by the doctrine of waiver.

8. Plaintiffs' claims are barred in whole, or in part, by the doctrine of estoppel.

9. Any damages sustained by Plaintiffs were caused, in whole, or in part, by the actions or inactions of Plaintiffs, McKayla Jones and/or D.J. and/or one or more third parties, and not by the actions or inactions of Defendant McGlothian.

10. Plaintiffs' alleged damages were not caused legally, proximately, or in-fact by actions or omissions of Defendant McGlothian.

11. The alleged damages were the result of pre-existing or subsequent conditions of Plaintiff(s), which were without negligence, lack of care, or any other breach of duty on the part of Defendant McGlothian, for which Defendant McGlothian is not liable.

12. Defendant McGlothian serves notice upon the Plaintiffs that its investigation of this matter is not yet complete, and it is without sufficient information at this time regarding the assertion of any cross-claims, counterclaims, and/or third party claims against any other parties and specifically reserves the right to amend this answer to include such cross-claims, counterclaims, and/or third party claims as appropriate as investigation and discovery in this matter continues. Defendant McGlothian specifically reserves the right to amend this answer and plead and/or delete additional facts and/or defenses as may be supported by said discovery.

13. Defendant McGlothian affirmatively asserts immunity from suit under the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated Section 29-20-101, *et seq*.

14. Defendant McGlothian affirmatively asserts that the alleged conduct of the Plaintiffs, McKayla Jones and/or D.J. operates as the proximate cause and/or intervening or superseding cause of Plaintiffs' alleged injuries.

15. Defendant McGlothian expressly reserves the right to assert any affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

16. If the facts and evidence develop during the discovery process or during the trial reveal that this action was untimely filed or the Plaintiffs fail to properly and timely serve Defendant with process pursuant to law, Defendant McGlothian will rely upon the applicable statutes of limitation and/or repose as a complete defense.

Having fully answered the Complaint, Defendant McGlothian denies that Plaintiffs are entitled to the relief requested herein or to any relief whatsoever from Defendant McGlothian. Furthermore, Defendant McGlothian asks that this action be dismissed with prejudice, with costs assessed to Plaintiffs.

Respectfully Submitted,

*s/ Christian West-Coleman*
Christian West-Coleman (#36317)
Kavita Shelat (#29388)
Shelby County Board of Education
Office of the General Counsel
160 Glenn Rogers Sr. St., Room 218
Memphis, TN 38112
Phone:  (901) 416-3612
Fax:     (901) 416-6374
Email:   westcolemanc@scsk12.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing has been served via email and through this Court's electronic filing system this 18th day of July, 2025 upon counsel of record:

William Wooten
Attorney for Plaintiff
Wooten Law Office
120 Court Square East
Covington, Tennessee 38019
Telephone: (901) 475-1050
*Counsel for Plaintiffs*

                                                            *s/Christian West-Coleman*