IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**McKAYLA JONES, and**
**JERMEAL MORRIS,**
**On behalf of Minors D.J. and D.M.**
  Plaintiff,

v.                     **No.** 2:25-cv-02502-TLP-atc

**SHELBY COUNTY, TENNESSEE, et al.**

  Defendants.

---

### ANSWER OF DEFENDANTS SHELBY COUNTY and SHELBY COUNTY SHERIFF'S OFFICE TO PLAINTIFFS' COMPLAINT

---

Defendants Shelby County, Tennessee ("Shelby County") and Shelby County Sheriff's Office (together referred to as "Defendants" or "Shelby County Defendants"), in answer to the Plaintiffs McKayla Jones ("Plaintiff Jones") and Jermeal Morris' ("Plaintiff Morris") (together referred to as "Plaintiffs"), on behalf of Minors D.J. and D.M. (together referred to as "Minors"), Complaint (ECF No. 8) filed by Plaintiffs, state as follows:

       **I.**  **Answer to Complaint**

In response to the numbered paragraphs of the Complaint, Shelby County Defendants state as follows:

  1.  No response to Paragraph 1 is required.

  2.  The allegations in Paragraph 2 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

3. To the extent that the allegations in Paragraph 3 are directed towards Shelby County Defendants, they are denied.

4. To the extent that the allegations in Paragraph 4 are directed towards Shelby County Defendants, they are denied.

5. No response to Paragraph 5 is required.

6. Admitted.

7. Admitted.

8. Denied that Plaintiffs are entitled to attorneys' fees.

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. No response to Paragraph 11 is required.

12. Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 12, and therefore neither admit nor deny these allegations, and demand strict proof of them at trial.

13. Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 13, and therefore neither admit nor deny these allegations, and demand strict proof of them at trial.

14. Admitted.

15. Admitted.

16. Admitted that service of process upon the Shelby County Sheriff's Office can be made by delivering a copy of the summons and Complaint with accompanying

exhibits to the Shelby County Attorney Marlinee Clark Iverson, at 160 N. Main Street, Memphis, TN 38103.

17.    Admitted.

18.    The allegations in Paragraph 18 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

19.    The allegations in Paragraph 19 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

20.    The allegations in Paragraph 20 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

21.    To the extent that the allegations in Paragraph 21 are directed towards Shelby County Defendants they are denied.

22.    Admitted as to SCSO.

23.    The allegations in Paragraph 23 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

24.    Denied that Defendant SRO Johnson was or is employed by Shelby County Defendants or that he may be served at SCSO, 201 Poplar Avenue, 9th Floor, Memphis, TN 38103.

25.    Denied that Shelby County Defendants, or Shelby County officials or commissioners participated in any conspiracy with the other Defendants or performed any acts or made any statements in furtherance of any alleged conspiracy.

26.    Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 26, and therefore neither admit nor

deny these allegations, and demand strict proof of them at trial.

27. Denied that any Shelby County law enforcement made any acts or omissions, or were involved at all, with the claims alleged in Plaintiffs' Complaint.

28. No response to Paragraph 28 is required.

29. Admitted. However, denied that the subject school is staffed by the SCSO.

30. Admitted.

31. The allegations in Paragraph 31 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

32. The allegations in Paragraph 32 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

33. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

34. The allegations in Paragraph 34 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

35. The allegations in Paragraph 35 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

36. The allegations in Paragraph 36 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

37. The allegations in Paragraph 37 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

38. The allegations in Paragraph 38 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

39. The allegations in Paragraph 39 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

40. The allegations in Paragraph 40 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

41. Denied that any SCSO employee was present or involved in the allegations put forth in Paragraph 41. The remaining allegations in Paragraph 41 are not directed towards Shelby County Defendants, and therefore Shelby County Defendants submit no response thereto.

42. The allegations in Paragraph 42 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

43. The allegations in Paragraph 43, including subparts A through E, are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

44. Denied that any SCSO employee was present or involved in the allegations put forth in Paragraph 44. The remaining allegations in Paragraph 44 are not directed towards Shelby County Defendants, and therefore Shelby County Defendants submit no response thereto.

45. The allegations in Paragraph 45 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

46. The allegations in Paragraph 46 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

47. The allegations in Paragraph 47 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

48. The allegations in Paragraph 48 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

49. The allegations in Paragraph 49 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

50. The allegations in Paragraph 50 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

51. No response to Paragraph 51 is required.

52. Denied.

53. Denied.

54. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

55. No response to Paragraph 55 is required.

56. The allegations in Paragraph 56 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

57. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

58. The allegations in Paragraph 58 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

59. The allegations in Paragraph 59 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

60. The allegations in Paragraph 60 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

61. To the extent that the allegations in Paragraph 61 are directed towards Shelby County Defendants, they are denied.

62. To the extent that the allegations in Paragraph 62 are directed towards Shelby County Defendants they are denied.

63. No response to Paragraph 63 is required.

64. Denied.

65. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

66. Admitted. However, denied that the subject school is staffed by the SCSO.

67. To the extent that the allegations in Paragraph 67 are directed towards Shelby County Defendants, they are denied.

68. Denied.

69. The allegations in Paragraph 69 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

70. To the extent that the allegations in Paragraph 70 are directed towards Shelby County Defendants, they are denied.

71.     To the extent that the allegations in Paragraph 71 are directed towards Shelby County Defendants, they are denied.

72.     This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

73.     No response to Paragraph 73 is required.

74.     This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

75.     Denied that SCSO hired, trained, or retained officers assigned to the subject school.

76.     To the extent that the allegations in Paragraph 76 are directed towards Shelby County Defendants, they are denied.

77.     The allegations in Paragraph 77 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

78.     Shelby County Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 78, and therefore neither admit nor deny these allegations, and demand strict proof of them at trial.

79.     To the extent that the allegations in Paragraph 79 are directed towards Shelby County Defendants, they are denied.

80.     This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

81.     No response to Paragraph 81 is required.

82.     Admits only that Shelby County is a governmental entity subject to liability for the negligent acts and omissions of their employees pursuant to Tenn. Code Ann. § 29-20-205.

83.     Denied that Shelby County Defendants owed any duty of care to Plaintiffs.

84.     Denied that Shelby County Defendants owed any duty of care to visitors or minors on the grounds of the subject school.

85.     Denied that Shelby County Defendants breached any duty or causes inflicted harm on any Plaintiffs or Minors.

86.     This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

87.     To the extent that the allegations in Paragraph 87 are directed towards Shelby County Defendants, they are denied.

88.     To the extent that the allegations in Paragraph 88 are directed towards Shelby County Defendants, they are denied.

89.     No response to Paragraph 89 is required.

90.     Denied that the Shelby County Defendants hired, trained, or supervised employees assigned to the subject school.

91.     To the extent that the allegations in Paragraph 91 are directed towards Shelby County Defendants, they are denied.

92.     To the extent that the allegations in Paragraph 92 are directed towards Shelby County Defendants, they are denied.

93. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

94. No response to Paragraph 94 is required. Additionally, to the extent that the allegations in the unnumbered paragraph immediately below Paragraph 94 are directed toward Shelby County Defendants, they are denied.

95. To the extent that the allegations in Paragraph 95 are directed towards Shelby County Defendants, they are denied.

96. To the extent that the allegations in Paragraph 96 are directed towards Shelby County Defendants, they are denied.

97. The Shelby County Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 97, and therefore neither admit nor deny these allegations, and demand strict proof of them at trial.

98. No response to Paragraph 98 is required.

99. The allegations in Paragraph 99 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

100. The allegations in Paragraph 100 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

101. The Shelby County Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 101, and therefore neither admit nor deny these allegations, and demand strict proof of them at trial.

102. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

103. No response to Paragraph 103 is required.

104. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

105. The allegations in Paragraph 105 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

106. The allegations in Paragraph 106 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

107. The allegations in Paragraph 107 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

108. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

109. No response to Paragraph 109 is required.

110. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

111. The allegations in Paragraph 111 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

112. The allegations in Paragraph 112 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

113. Denied that Shelby County Defendants are liable for the actions of SRO Johnson under Tenn. Code Ann. § 8-8-301 et. seq.

114. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

115. No response to Paragraph 115 is required.

116. To the extent that the allegations in Paragraph 116, including subparts A through G, are directed towards Shelby County Defendants, they are denied.

117. The allegations in Paragraph 117 are not directed towards Shelby County Defendants, therefore Shelby County Defendants submit no response thereto.

## ANSWER TO PRAYER FOR RELIEF

Shelby County Defendants deny that Plaintiffs are entitled to any of the relief they seek or any other relief whatsoever.

Any allegation contained in the Complaint which has not previously been admitted, denied, or explained, in whole or in part, is hereby denied.

Shelby County Defendants reserve the right to amend this Answer pursuant to the Federal Rules of Civil Procedure and the Orders of this Court.

## II.    Affirmative and Other Defenses

1. The Complaint fails to state a claim upon which relief can be granted, because Defendant SRO Johnson is not an employee of Shelby County Defendants, and the subject school is not staffed by Shelby County or SCSO.

2. Shelby County Defendants aver these proceedings are brought pursuant to, and are governed by, the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 et seq., and hereby asserts any and all defenses, immunities, and limitations contained therein.

3. Shelby County Defendants aver they are immune from suit in this cause pursuant to the Tennessee Governmental Tort Liability Act (hereinafter TGTLA) Tenn. Code Ann. § 29-20-205.

4. To the extent that Plaintiffs' alleged injuries and/or damages were caused or contributed to by his own unlawful conduct, recovery for such alleged injuries and/or damages is barred in whole or in part.

5. To the extent that Plaintiffs' alleged injuries and/or damages were caused or contributed to by the action and/or omissions of other persons and/or other entities, Plaintiffs' recovery for such alleged injuries and/or damages is barred in whole or in part.

6. To the extent Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, such statute is pled as a bar to Plaintiffs' claims.

7. In order to preserve their affirmative defenses and pending the completion of discovery, Shelby County Defendants aver that Plaintiffs' claims are barred, in whole or in part, by operation of the doctrines of waiver, unclean hands, laches, equitable and judicial estoppel, and/or mistake.

8. Defendant reserves the right to asserts additional defense that may be discovered during the course of discovery.

9. For all the reasons contained herein, Shelby County Defendants request that the Court dismiss all Plaintiffs' claims against them with prejudice and award Shelby County Defendants all fees, costs, and/or other such other relief to which the Court deems it is entitled.

Respectfully submitted,

*/s/ R.H. "CHIP" CHOCKLEY*
R.H. "CHIP" CHOCKLEY (#22681)
chip.chockley@shelbycountytn.gov
JOSHUA P. WARREN (#37933)
joshua.warren@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100

*Attorneys for Shelby County Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing is being filed via the Court's ECF system on this 28th day of July 2025, for service on all persons reregistered in connection with this case, including the following:

William A. Wooten (BPR # 026674)
Fred E. Johnson (BPR # 037802)
Wooten Law Office
120 Court Square East
Covington, Tennessee 38019
william@wootenlawoffice.com

*Attorneys for the Plaintiffs*

*/s/ R.H. "CHIP" CHOCKLEY*
R.H. "Chip" Chockley